Good morning, your honors. My name is Robert Gombiner, and I represent the appellant, Lewis Armstrong. I'd like to reserve just like one minute for rebuttal. Mr. Armstrong is competent to pursue his appeal. The record leaves absolutely no doubt that he understands the nature of the appellate proceedings, that he understood the post-trial plea offer that the government had proposed. By the way, this is an offer that the government in its brief represents has been withdrawn. That's not in the record, but that is in the government's brief. Do you agree with that? Do I agree that it has been withdrawn and it's off the table? Well, I received an email informing me of that, so yes, I'm not... You don't dispute that? No, I think Mr. Armstrong... So why isn't this particular case moot? Why do we need to decide the competency issue? Why isn't it just off the table? Frankly, I don't really know why it isn't off the table at this point, because the... We remanded for a competency determination so he could entertain... So we could be certain about his ability to entertain the offer, which would require him to dismiss his appeal. That's correct, Your Honors, and this is a little unusual that Mr. Morgan and I are generally not advocating for the same result, but in this case, we are. Well, it makes a difference in what we say, doesn't it? I mean, the government takes a pretty firm... Not a firm, but they make an argument that you don't even have a right to competency on appeal. There's no due process right. Actually, I think I took... My position would be that the only thing you need to be competent to pursue an appeal is you have to understand what an appeal is, what the consequences of an appeal are, or what the consequences of not appealing are. But there's absolutely no doubt from any of the evaluations and from Mr. Armstrong's own testimony that he completely understands all those things. So I think that's really the end of the story. Whether you want to say the thing is moot, or whether you want to say that Mr. Armstrong is competent to pursue an appeal, we're going to get to the same place, I think, which is where we should have been several years ago, which is to have the substantive appeal decided. You would like to stay lifted so the appeals can go forward. Absolutely. That's been our position all along. I mean, really, the only unfortunate thing here is that despite... This case has gone through a lot of hoops. The docket sheet is very long. Mr. Armstrong has filed a blizzard of pro se motions. But the bottom line is, if the government had simply withdrawn its offer years ago, we wouldn't be here. Unfortunately, the government only withdrew its offer after we had the competency hearing and after the court had found Mr. Armstrong incompetent. So I guess that's the explanation as to why we're here. But I think at this juncture, given both the record from the competency hearing and the government's representation, which I fully accept that it has withdrawn the offer, there's only one thing to do, which is to lift the stay and let the appeal go forward. The substantive appeal. The substantive appeal. And I understand that the main brief has already been filed. The main brief was filed by Mr. Armstrong's previous attorney, Mr. Salovey. And that was filed in October 21st of 2016. There's been no further briefing since then because shortly thereafter Mr. Salovey made this motion for a competency hearing. Well, lots happened since then, but nothing with the substantive appeal. Okay. So I don't know if the Court's got any other questions, but I think it's a pretty straightforward situation here. Well, you seem to argue that a defendant doesn't have a right to be — that the competency is irrelevant on the offer issue. I mean, and it seems to me that, you know, you argue that the defendant retains the right to decide whether to accept a plea offer or not and can do so for any reason, even an irrational reason. Is that — are you really arguing that a defendant who's not competent can make a decision on an offer? Well, no. What I'm saying is that the decision not to accept or to accept an offer is not a reason to deem the defendant incompetent. What if the defendant is saying, I think there's a transistor radio in my brain and it will make me guilty? I mean, it seems that a defendant has a right to be competent when considering an offer. Well, I think that's actually not as obvious as it sounds from that example. In fact, I would disagree with that because it seems to me that the fundamental premise of our justice system is that it's up to the defendant whether or not he decides to go to trial. What if he's not capable of making, you know, that rational determination? But there would be situations like that. You know, if you've got somebody who's in a vegetative state and is charged with a crime, yes, he's not in a position to decide whether to accept an offer or not. But the record here shows that Mr. Armstrong was very clear about exactly what the offer was. He knew that he faced the possibility of 30 years instead of 20 years. He knew that the appeal would be decided on the record. He knew what his attorney was supposed to do. I mean, what everybody has gotten hung up on here is that people don't like the idea that the reason he doesn't want to accept the plea offer is that he thinks that the court transcript was tampered with. Now, I admit, that is unlikely that that happened. Counsel, why do we have to talk about the offer if it's withdrawn and both parties agree with it? We don't, except that I was trying to answer Judge Bichon's question. But I would agree. We don't need to talk about it. My position is we're ready to go with the substantive appeal. And that's the long and the short of it. I think you should respond to Judge Bichon if she has more to ask. All right. If the court has no further questions, I would just ask that the stay be lifted and that we proceed with the substantive appeal. Great. Thank you. Thank you very much. Good morning, Your Honors. May it please the Court. Michael Morgan for the United States. I agree with counsel that we all, both parties agree where this appeal needs to end up, which is that Mr. Armstrong needs to have his substantive appeal. The disagreement is just the road to get there. The government's position is that the appeal should just be dismissed for mootness. Why didn't you file a declaration with the court saying that the offer was on the days and we formally withdrew it on the next day? All we have is a statement in your brief. There's no evidentiary support for your statement. Well, that's true, Your Honor. There would have been no way to file a declaration about when the offer was drawn because that would have been outside of the record of anything. No, but our case law clearly recognizes an exception to that, that when there's a claim of mootness that occurs after the judgment while the matter is on appeal, you can supplement the record. You can ask to supplement the record with a declaration saying this offer was made such and such a day and it's now withdrawn and put it under penalty of perjury. I was unaware of that precedent. That would have obviously been a more prudent course just in terms of the court's record. But the parties are not disputing the accuracy of those representations. And the terms of the offer were disclosed in the pleadings that were filed below. So the only thing that's really outside the record is the actual withdrawal of the offer. But if the court's prepared to accept both parties' representations that the offer has been withdrawn, then this appeal really is moot because the only reason – Do you think a defendant ever has a right to be competent on appeal? Outside of the taking or withdrawing of an appeal, no. And the reason being is that, well, one, the rationales for why a defendant needs to be competent during dependency and prosecution of a trial are fundamentally different than what happens on an appeal. Once the defendant exercises – decides to exercise his appellate rights, he's really a passenger at that point. We all would like for there to be a good relationship between defense counsel and his attorney. Unfortunately, that's not always the case. But the case law is quite clear that in the appellate realm, the appellate attorney picks the issues to be raised regardless of what – of his client's wishes. Now, he will – a lawyer will take those into account, of course. But in the end, it's his decision. So a defendant really has nothing to offer in the appellate arena that would require him to be competent. And if a defendant had a freestanding right to be competent, divorced from the decision whether or not to appeal, that would be problematic in and of itself because if a defendant were to take an appeal, be confident when taking an appeal, then lose his competency during dependency to the appeal, well, he would just be left in a legal limbo. I mean, the appeal couldn't go forward because he's not competent. And if he's not restorable, he would never have his appellate rights vindicated. And that's kind of why every court that the government's aware of that has confronted this issue has sort of held that as long as a defendant has an attorney to prosecute the appeal for him, whether or not he's competent during dependency of that appeal doesn't matter. And if it doesn't matter, he must not have a right to that competency for that. And I think that just makes a lot of practical sense. And I think it follows from the law. So again, since the offer has been withdrawn, there's really no issue for a competency evaluation. And unfortunately, the court would have to reverse Judge Jones' finding that his inability to consult with his attorneys has rendered him incapable of participating in the appellate process. That's the only little wrinkle here because the district court did find. Well, if it's moot, you don't get there. Well, I think the problem is that Judge Jones went a little further because he said, well, no, he's not competent to evaluate the merits. And that finding is amply supported but moot. The merits of the main appeal? No, the merits of the government's offer. Judge Jones said, no, he's not competent to evaluate that. That finding is amply supported, but it's been moot. But he went further and said, oh, because his delusional disorder is also affecting his ability to meaningfully work with his appellate attorneys, and for that reason, too, he's not competent. That ruling, we think, is just an error of law because he doesn't have a right to be competent during dependency. So whether or not he can meaningfully work with his lawyers is not a reason for a judging him incompetent to participate in the appeals. Does it make a difference that the main brief has already been filed? I don't think it does. Again, the choice of issues is for the lawyer, not Mr. Armstrong. And there's nothing in the record, actually, to suggest that at the time the appeal was taken, way back in 2014, that Mr. Armstrong was incompetent. In fact, the only medical evidence in the record would suggest that at that time he was competent. Dr. Lowe found him competent back in 2014. So the record suggests that he was competent when he took the appeal. He continues to want to prosecute this appeal, and he should have his direct appeal. And the government's position is just that. Isn't part of the direct appeal, isn't there some element of competency on the direct appeal as well? There is. It's more of a ministerial issue that the district court never actually made a competency finding. That was what happened. There was obviously a competency report. It's in the record before Your Honors. The district court never made a formal finding of competency. But that's an issue that we will have to resolve down the road. But it's not a question. The issue is not whether or not he was competent. The issue was whether or not the court made a finding. It's a subtle distinction, but it is the distinction that exists. But in any event, that's for another panel. So unless the court has any other questions, we would just ask that this appeal be dismissed. Thank you, Your Honors. No questions here. And to live to stay on this. Oh, absolutely. Absolutely. Thank you, Your Honors. Counsel. I really don't have any rebuttal, but I just would like to point out that I don't want to complicate things further, but just based on what Mr. Morgan said and the court's questions, the brief has been filed, but I didn't file the brief. So it's not entirely clear to me whether, since I'm Mr. Armstrong's attorney now and the one who, as Mr. Morgan points out, gets to call the shots, whether I should have the opportunity to submit my own brief. Frankly, I don't know if I would or not because, frankly, it's a pretty good brief. But I just want to call that to the court's attention so that I don't, if I file something later, it doesn't seem like I'm bringing up something out of the blue. But other than that, I agree with Mr. Morgan that the appeal should go forward now and the state should be lifted. Thank you. Thank you, Counsel. It's nice to see distinguished counsel agreeing with each other. I wish it would happen more often, but Mr. Morgan doesn't always see it that way. So thank you. We thank you both for your arguments, and that case shall be submitted.
judges: Gould, Paez, Bashant